

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Carlos Davila,

                Petitioner,

–v–

Robert Johnson, *et al.*,

                Respondents.

15-CV-2665 (AJN)

MEMORANDUM AND ORDER

ALISON J. NATHAN, District Judge:

On April 6, 2015, Carlos Davila ("Petitioner") filed a "Petition for a Peremptory Writ of Mandamus, and Writ of Prohibition, or Other Appropriate Relief" challenging his arrest and prosecution for the unauthorized practice of law. *See* Dkt. No. 1. Bronx District Attorney Robert Johnson, Detective Roger Archer, and Investigator Maribel Torres ("City Respondents") moved to dismiss Petitioner's Second Amended Petition pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Dkt. No. 45. For the reasons articulated below, the Court grants Respondents' motion to dismiss with respect to all Respondents, including Rosaura Martinez.[1]

I.     **LEGAL STANDARD**

"To survive a motion to dismiss, a [pleading] must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim

---

[1] A district court can "dismiss a complaint *sua sponte* for failure to state a claim . . . so long as the plaintiff is given notice and an opportunity to be heard." *Wachtler v. County of Herkimer*, 35 F.3d 77, 82 (2d. Cir. 1994) (citations and internal quotation marks omitted). The facts here closely resemble *Wachtler*, where one defendant did not appear and did not join the other defendants' motion to dismiss. Because Petitioner's petition does not distinguish between Respondents and the motion to dismiss mentions the claims against Ms. Martinez, *see* Br. at 10, the City Respondents' motion to dismiss put Petitioner on notice that his claims against Ms. Martinez could be dismissed.

1

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Because Petitioner is proceeding pro se, his pleadings are to be read liberally and interpreted "to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994). Even so, a pro se pleading is insufficient if it consists of "broad generalizations . . . sweeping castigations, and unfounded conclusions, but not specific facts from which an actual deprivation of [constitutional] rights may be inferred." *Locicero v. O'Connell*, 419 F. Supp. 2d 521, 525 (S.D.N.Y. 2006) (citing *Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987)).

A court considering a Rule 12(b)(6) motion must assume all "factual allegations [in the pleadings] to be true and draw[] all reasonable inferences in [a] plaintiff's favor." *Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009). In addition to the pleadings, a court may also consider "documents plaintiff[] had . . . in its possession or had knowledge of and upon which [it] relied in bringing suit." *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991). Under this standard, the Court may properly consider the Bronx County Criminal Complaint against Petitioner, included in Petitioner's original petition as Exhibit 6.

## II.   FACTUAL BACKGROUND

In his Petition, Petitioner concedes that he is not licensed to practice law in New York State but alleges that he has been admitted as an Accredited Representative by the United States Board of Immigration Appeals ("BIA"). *Id.* ¶¶ 7, 25-26. Accredited Representatives, who are not attorneys, can undertake limited representation of immigration clients before various federal agencies, including the BIA and the Immigration and Naturalization Service (INS), so long as they are affiliated with a non-profit religious, charitable, or social service organization. *See* 8

2

C.F.R. § 292.2(a). Accredited Representatives may request "only nominal charges" from those given immigration assistance. *Id.* § 292.2(a)(1).

Petitioner alleges that the Bronx District Attorney's Office began investigating him when Ms. Rosaura Martinez came forward claiming that Petitioner told her he was an attorney and charged her $1,000 to provide immigration assistance. *Id.* ¶¶ 37, 39-40. Petitioner claims that the Bronx District Attorney's Office coached Ms. Martinez to fabricate this story. *Id.* ¶ 51. Subsequently, Petitioner alleges that the Bronx District Attorney's Office sent an undercover investigator, Investigator Torres, to see Petitioner. *Id.* ¶¶ 58-59. Petitioner told Investigator Torres that he only provided assistance in immigration and uncontested divorce cases. *Id.* ¶¶ 62, 77. Investigator Torres returned to Petitioner on August 12, 2014 to obtain an uncontested divorce from her husband and a visa for her boyfriend. *Id.* ¶¶ 65, 68, 79. At this time, Petitioner agreed to assist Investigator Torres and she gave him $1,100 in cash. *Id.* ¶¶ 81, 85.

After Investigator Torres left, Petitioner alleges that unidentified police officers arrived at Petitioner's business and searched the premises without Petitioner's consent. *Id.* ¶ 95. Officers arrested and handcuffed Petitioner without providing *Miranda* warnings. *Id.* ¶ 96. Later that day, the police officers returned with a warrant and confiscated Petitioner's immigration files. *Id.* ¶ 102. Petitioner was charged in Bronx County Criminal Court with grand larceny, petit larceny, and the unauthorized practice of law. *Id.* ¶ 6; Dkt. No. 1 Ex. 6 at 4. The charges against Petitioner were dismissed on September 3, 2015. *See* Dkt. No. 66 at 9.

Petitioner asserts claims under 42 U.S.C. § 1983 against Respondents for, *inter alia*, entrapment, malicious prosecution, denial of the right to a speedy trial, false arrest, and illegal search and seizure. *See* Sec. Am. Pet. at 43-44; Dkt. No. 75 at 1. Petitioner also argues that the New York statute prohibiting the unauthorized practice of law is preempted by federal law. *See*

Sec. Am. Pet. ¶¶ 6, 176. On this basis, Petitioner seeks writs of mandamus and prohibition requiring return of seized documents and cessation of his prosecution, other declaratory and injunctive relief, and money damages. *Id.* at 43-44. The Court will first address Petitioner's claims for money damages, and will then turn to his claims for mandamus, injunctive, and declaratory relief.

## III.   MONEY DAMAGES

Petitioner seeks money damages under 42 U.S.C. § 1983 for (1) false arrest and malicious prosecution; (2) entrapment; (3) failure to train; (4) violation of the speedy trial clause; (5) unreasonable search and seizure; and (6) § 1983 conspiracy. *See* Sec. Am. Pet. at 43-44; Dkt. No. 75 at 1. The Court will address each of these claims in turn.

### A.   False Arrest and Malicious Prosecution

A plaintiff raising a claim under § 1983 for false arrest "must show . . . that the defendant intentionally confined him without his consent and without justification." *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996). Probable cause for arrest "constitutes justification and 'is a complete defense to an action for false arrest' . . . under § 1983." *Id.* (quoting *Bernard v. United States*, 25 F.3d 98, 102 (2d Cir. 1994)). Similarly, "[t]o establish a [§ 1983] claim for malicious prosecution . . . the plaintiff must show (1) that the defendant initiated a prosecution against the plaintiff, (2) that the defendant lacked probable cause to believe the proceeding could succeed, (3) that the defendant acted with malice, and (4) that the prosecution was terminated in the plaintiff's favor." *Posr v. Court Officer Shield No. 207*, 180 F.3d 409, 413, 417 (2d Cir. 1999). "As with false arrest, the existence of probable cause is a complete defense to malicious prosecution." *Bryant v. Crowe*, 697 F. Supp. 2d 482, 491 (S.D.N.Y. 2010).

While Accredited Representatives can assist with immigration proceedings before certain federal agencies, they cannot assist with divorces. *See* 8 C.F.R. § 292.2(a). The Criminal Complaint against Petitioner alleges that Investigator Torres "met with the defendant for the purpose of paying him $1,100 in order to be her attorney in a divorce proceeding," and Petitioner admits these factual allegations in his Second Amended Petition. *See* Dkt. No. 1 Ex. 6 at 6; Sec. Am. Pet. ¶¶ 68, 77, 79-81. These allegations constitute probable cause for arrest for the unauthorized practice of law. *See Carlton v. Nassau Cty. Police Dep't*, 761 N.Y.S.2d 98, 100 (2003) ("[I]nformation provided by an identified citizen accusing another individual of . . . a specific crime is sufficient to provide . . . probable cause."); *Spivak v. Sachs*, 16 N.Y.2d 163, 166-67 (1965) (representing a client in a divorce proceeding without a license to practice law constitutes the unauthorized practice of law). Petitioner's candid admission of probable cause precludes him from stating a plausible claim to relief for malicious prosecution or false arrest. As a result, that claim must be dismissed as to all Respondents.

**B.     Entrapment**

Although Petitioner admits that he agreed to provide divorce representation, he alleges that he was entrapped by Investigator Torres. *See* Sec. Am. Pet. ¶¶ 58, 72-79, 81. The defense of entrapment does not rest on constitutional grounds and "violate[s] no independent constitutional right" of the entrapped party. *United States v. Russell*, 411 U.S. 423, 431, 433 (1973). For this reason, entrapment can only be raised as a defense to a criminal prosecution, not as a basis for § 1983 liability. *See DiBlasio v. City of New York*, 102 F.3d 654, 656-57 (2d Cir. 1996); *Humbach v. Canon*, No. 13-CV-2512 (NSR), 2014 WL 6057703, at *5 (S.D.N.Y. Nov. 12, 2014). As a result, Petitioner fails to state a plausible claim to relief for entrapment and that claim must be dismissed as to all Respondents.

### C. Failure to Train

Petitioner claims that Bronx District Attorney Robert Johnson failed to train personnel on the distinction between legitimate Authorized Representatives and those engaged in the unauthorized practice of law. *See* Sec. Am. Pet. ¶ 165. Under § 1983, "[a] supervisory official may be liable because he or she created a policy or custom under which unconstitutional practices occurred." *Wright v. Smith*, 21 F.3d 496, 501 (2d. Cir. 1994) (quoting *Williams v. Smith*, 781 F.2d 319, 323–24 (2d Cir. 1986)). In some cases, the "decision not to train . . . employees . . . may rise to the level of an official government policy for purposes of § 1983." *Connick v. Thompson*, 563 U.S. 51, 61 (2011). However, for a plaintiff to succeed on a failure to train claim under § 1983, the alleged failure to train "must amount to 'deliberate indifference.'" *Id.* (quoting *Canton v. Harris*, 489 U.S. 378, 388 (1989)). "A pattern of similar constitutional violations . . . is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train." *Id.* at 62 (holding that a single *Brady* violation did not demonstrate a failure to train prosecutors).[2]

Even accepting Petitioner's "factual allegations to be true and drawing all reasonable inferences in [his] favor," *see Harris,* 572 F.3d at 71, Petitioner's claim does not pass muster under *Connick*. First, for the reasons discussed above, Petitioner has not demonstrated that his own arrest and prosecution were constitutionally deficient. Furthermore, Petitioner fails to point to a single other incident of an Authorized Representative being prosecuted for the unauthorized practice of law in the Bronx. *See* Sec. Am. Pet. ¶ 165. Because the petitioner does not allege any "pattern of similar constitutional violations," he fails to adequately plead deliberate

---

[2] In *Canton*, "the Court left open the possibility that, 'in a narrow range of circumstances,' a pattern of similar violations might not be necessary to show deliberate indifference." *Connick*, 563 U.S. at 63 (quoting *Bd. of Cty. Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 409 (1997)). *Connick* emphasized that such "single-incident liability" was rare and held that it did not apply to failure to train prosecutors on their legal obligations. *Id.* at 63-67.

indifference, an essential element of a failure to train claim. *See Connick*, 563 U.S. at 61. As a result, Petitioner's failure to train claim against Respondent Johnson must be dismissed for failure to "state a claim to relief that is plausible on its face." *See Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570); *see also Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 7 F.3d 1085, 1087 (2d Cir. 1993) (claim must be dismissed if it "fails to adequately plead the essential elements of [a] cause[] of action").

### D.   Speedy Trial Clause and Unreasonable Search and Seizure

Petitioner claims that he was deprived of his speedy trial clause rights and subjected to an unreasonable search and seizure. "It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" *Wright*, 21 F.3d at 501 (quoting *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991)). However, Petitioner fails to allege any personal involvement of any of the Respondents in these specific constitutional deprivations.

In detailing his speedy trial claim, Petitioner mentions only Judge Michels. *See* Sec. Am. Pet. ¶ 140. However, Petitioner has voluntarily dismissed all claims against Judge Michels. *See* Dkt. No. 57. Petitioner does not allege that any of the remaining Respondents were personally involved in the violation of his speedy trial rights. *See* Sec. Am. Pet. ¶ 140. Thus, none of the named Respondents can be held responsible under § 1983 for violation of Petitioner's speedy trial rights and those claims must be dismissed. *See Wright*, 21 F.3d at 501.

With regard to the unreasonable search and seizure claim, Petitioner alleges that "a Team[] of officers conducted [the challenged] searches" and "about ten officers immediately entered and began to search without obtaining the Petitioner's consent." Sec. Am. Pet. ¶ 95. None of these officers are named, there is no indication that the named Respondents were

7

personally involved in the search, and there is no allegation of a policy or practice of unreasonable searches and seizures. *See id.* Because Respondents cannot be held liable for searches and seizures conducted by unidentified police officers, *see Wright,* 21 F.3d at 501, the unreasonable search and seizure claims must be dismissed.

### E. § 1983 Conspiracy

Petitioner further alleges that Ms. Martinez conspired with Respondents Johnson, Torres, and Archer to violate his Fourth and Fourteenth Amendment rights. *See* Sec. Am. Pet. ¶¶ 51, 151-55. Specifically, Petitioner alleges that Ms. Martinez was coached by District Attorney Johnson "to claim Petitioner told her that he was an attorney." *Id.* ¶ 51.

To adequately plead a § 1983 conspiracy claim, the Petitioner "must allege (1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." *Ciambriello v. Cnty. of Nassau,* 292 F.3d 307, 324-25 (2d Cir. 2002). "[C]omplaints containing only conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are properly dismissed." *Id.* at 325 (quoting *Dwares v. City of New York.,* 985 F.2d 94, 100 (2d Cir. 1993)). Furthermore, a plaintiff "must provide some factual basis supporting a meeting of the minds, such as that defendants entered into an agreement, express or tacit, to achieve the unlawful end, augmented by some details of time and place and the alleged effects of the conspiracy." *K.D. ex rel. Duncan v. White Plains Sch. Dist.,* 921 F. Supp. 2d 197, 208 (S.D.N.Y. 2013) (quoting *Romer v. Morgenthau,* 119 F. Supp. 2d 346, 363 (S.D.N.Y. 2000)) (internal quotation marks omitted).

Petitioner claims that he never told Ms. Martinez he was an attorney, but that she nevertheless complained to the police that he had done so. *See* Sec. Am. Pet. ¶¶ 39, 49.

Petitioner asks the Court to draw from this fact, which the Court must accept as true, an inference of a § 1983 conspiracy. *See Iqbal*, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Petitioner's urged inference of conspiracy from these facts is not "reasonable" in light of two "obvious alternative explanation[s]": that Ms. Martinez misunderstood Petitioner or lied to the police of her own initiative. *See Iqbal*, 556 U.S. at 678, 682 (citing *Twombly*, 550 U.S. 544 at 567); *see also Betts v. Shearman*, 751 F.3d 78, 86 (2d Cir. 2014) (a claim of "false accusation . . . by a private citizen to the police," without more, "is insufficient to state a plausible claim that [the citizen] and the arresting officers shared a common goal of violating [the plaintiff's] rights.").

This conclusion is strengthened by the fact that Ms. Martinez initiated contact with the police. *See* Sec. Am. Pet. ¶ 37. Because Ms. Martinez made the decision to come forward before speaking to the police, her decision to file a complaint against Petitioner is not plausibly the result of coaching. *See Betts*, 751 F.3d at 86 (an allegation that a witness was coached was not plausible where witness made initial contact with police). Because Petitioner can provide no "factual basis supporting a meeting of the minds" other than the mere allegation of a false accusation, *see K.D.*, 921 F. Supp. at 208; *Betts*, 751 F.3d at 86, Petitioner's § 1983 conspiracy claim must be dismissed for failure to "state a claim to relief that is plausible on its face." *See Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

IV. **MANDAMUS, INJUNCTIVE, AND DECLARATORY RELIEF**

In addition to money damages, Petitioner seeks numerous forms of mandamus, injunctive, and declaratory relief. The Court will address each request in turn.

9

### A.   Cessation of Prosecution and Return of Seized Documents

Petitioner requests writs of mandamus and prohibition, as well as a "Mandatory injunction," requiring cessation of his prosecution and the return of documents seized from his office during his arrest. *See* Sec. Am. Pet. at 43-44. At this juncture, the seized documents have been returned and all charges have been dismissed. *See* Dkt. Nos. 66, 72. In addition, a federal court cannot issue a writ of mandamus ordering a city official to act. *See* 28 U.S.C. § 1361; *Sloan v. Truong*, 573 F. Supp. 2d 823, 828 (S.D.N.Y. 2008). As a result, Petitioner's fails to state a plausible claim to this requested relief.

### B.   Expungement of Arrest Record

Petitioner also seeks an injunction requiring the police to expunge his arrest record. *See* Sec. Am. Pet. at 43. An injunction requiring expungement of an arrest record "is granted only in extreme circumstances" and "should not be routinely used whenever a criminal prosecution ends in an acquittal." *United States v. Schnitzer*, 567 F.2d 536, 539 (2d Cir. 1977) (quoting *United States v. Linn*, 513 F.2d 925, 927 (10th Cir. 1975)). If an arrest is supported by probable cause, an expungement injunction is not appropriate. *Id.* at 540. As discussed above, Petitioner concedes the facts alleged in the Criminal Complaint lodged against him. *See* Dkt. No. 1 Ex. 6 at 6; Sec. Am. Pet. ¶¶ 68, 77, 79-81. Because Petitioner admits facts constituting probable cause, he fails to plead "extreme circumstances" justifying the requested injunction. *See Schnitzer*, 567 F.2d at 539.

### C.   Declaration that Rights were Violated and Work Product is Confidential

Petitioner further seeks a declaratory judgment "that the work product of an Authorized Representative by BIA is confidential and privilege[d]" and that the conduct of the Respondents violated his constitutional rights. Sec. Am. Pet. at 44. Under the Declaratory Judgment Act, a

court may issue declaratory relief "[i]n a case of actual controversy." 28. U.S.C. § 2201. This standard requires "a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941). If a party seeks declaratory relief where there is no "reasonable expectation that [a past] wrong will be repeated," a request for declaratory relief must be denied as moot. *Preiser v. Newkirk*, 422 U.S. 395, 402 (1975) (quoting *United States v. W. T. Grant Co.*, 345 U.S. 629, 633 (1953)). Petitioner's alleged "work product" has been returned to him and he does not allege any expectation that his documents will be seized again. *See* Dkt. No. 72; Sec. Am. Pet. ¶¶ 95-136. Additionally, as described above, Petitioner fails to state a plausible claim to relief for the various alleged constitutional violations. As a result, Petitioner's fails to state a claim for the requested declaratory relief.

### D.     Preemption

Finally, Petitioner requests declaratory and injunctive relief establishing that section 478 of New York's Judiciary Law, which prohibits the unauthorized practice of law, is preempted by federal regulations governing the Accredited Representatives program. *See* Sec. Am. Pet. at 44. Under the conflict preemption doctrine, "state law is displaced only 'to the extent that it actually conflicts with federal law.'" *Dalton v. Little Rock Family Planning Serv.*, 516 U.S. 474, 476 (1996) (quoting *Pac. Gas & Elec. Co. v. State Energy Res. Conservation and Dev. Comm'n*, 461 U.S. 190, 204 (1983)). Accredited Representatives can represent immigration clients before certain federal agencies, s*ee* 8 C.F.R. § 292.2(a), but Petitioner was prosecuted for accepting divorce cases. *See* Dkt. No. 1 Ex. 6 at 4-6. This application of section 478 does not conflict with

federal law and is thus not preempted.[3]  As a result, Petitioner's fails to state a claim for the requested relief.

## V. CONCLUSION

For the foregoing reasons, the above-captioned action is dismissed with prejudice and the Clerk of Court is directed to close the case.  This resolves Dkt. Nos. 11, 13, 35, and 45.

SO ORDERED.

Dated: December 15, 2015
       New York, New York

_____
ALISON J. NATHAN
United States District Judge

---

[3] Insofar as some other application of section 478 may be preempted by federal law, Petitioner lacks standing to bring that claim, as such a finding would not redress his particular injury. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).